**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at PIKEVILLE**

**CIVIL ACTION NO. 06-112-DLB**

**SANDRA F. EVERAGE**                                               **PLAINTIFF**

**vs.**                  **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                     **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Sandra F. Everage filed an application for period of disability and disability insurance benefits (DIB) on October 12, 2004. (Tr. 42-56). Plaintiff alleges she became disabled and unable to work on March 30, 2004, due to degenerative arthritis in the lumbar spine, anxiety, and depression. (Tr. 53, 86, 93). Her applications were denied initially and on reconsideration. (Tr. 28-30, 33-35). At Plaintiff's request, an administrative hearing was conducted on October 19, 2005, by Administrative Law Judge (ALJ) Charles J. Arnold. (Tr. 228-42). On November 21, 2005, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to disability benefits. (Tr. 15-20). This decision became the final

decision of the Commissioner when the Appeals Council denied review on April 6, 2006. (Tr. 6-8).

On June 5, 2006, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication.

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d

469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 16, 20). At Step 2, the ALJ found Plaintiff's scoliosis, radiculopathy, and sacroiliac joint disorder to be severe within the meaning of the regulations. (Tr. 17, 20). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 17, 20).

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform a full range of sedentary work; that is, listing no more than 10 pounds at a time and occasionally lifting or carrying articles like files, ledgers, and small tools. (Tr. 18, 20). Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was capable of performing her past relevant work as an officer manager. (Tr. 19, 20). The ALJ therefore concluded his sequential analysis at Step 4, since at that point Plaintiff was deemed not disabled under the Social Security Act. (Tr. 20).

**C.     Analysis**

On appeal, Plaintiff submits three challenges. One, she protests that the ALJ erred in concluding she did not have a severe mental impairment, given that she has nerve problems and depression. Two, she maintains the ALJ did not give consideration to her impairments in combination as far as their effect on her ability to function. And three, that the ALJ erred in finding her capable of returning to her past relevant work as an office manager.

Plaintiff challenges the ALJ's finding that she does not have a severe mental impairment. At Step Two of the sequential analysis, the ALJ considers whether a claimant has any severe impairments. A severe impairment is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 C.F.R. § 404.1521(b). An impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience. *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988); *Salmi v. Sec'y of Health & Human Servs.,* 774 F.2d 685, 691 (6th Cir. 1985).

The ALJ's decision reflects that he considered whether Plaintiff had a mental impairment that was severe. (Tr. 17). He noted that her treating physician prescribes anti-depressant and anti-anxiety medication and listed depression on his assessment. (Tr. 210). But he also noted that neither her family physician, nor her treating chiropractor who remarked she was depressed due to pain (tr. 215), are mental health specialists nor have they referred her to such a specialist. Neither has Plaintiff chosen to see one on her own. *See Atterberry v. Sec'y of Health & Human Servs.,* 871 F.2d 567, 571-72 (6th Cir. 1989) (lack of treatment by a mental health specialist considered and supportive of ALJ's conclusion that claimant did not have a severe mental impairment). The ALJ also noted and discussed Plaintiff's testimony and record evidence as to her daily activities, which he concluded were not significantly limited or restricted because of depression and anxiety. (Tr. 17). Despite severity of impairment being judged under a "de minimis" standard, at this

stage of the proceedings the burden is still upon the claimant to establish the severity of her impairments. *See Murphy v. Sec'y of Health & Human Servs.,* 801 F.2d 182, 185 (6th Cir. 1986). Plaintiff was still required to show she has something more than simply slight abnormalities with anxiety and depression such that her ability to work has been impacted. Here, given that Plaintiff has had no treatment by a mental health specialist, that whatever symptoms she is experiencing are being addressed and managed by medication, and that her ability to function and engage in daily activities has not been impacted by any mental impairment, the Court concludes the ALJ's finding in this regard was supported by substantial evidence.

Plaintiff protests that the ALJ summarily dismissed treatment notes; however, she fails to identify to what mental impairment treatment notes she is referring. She also complains that since the ALJ himself questioned the value of the state agency physician opinions because additional evidence had since been received, this should have prompted the ALJ to request a mental examination consult. But the DDS opinions and supplemental evidence to which the ALJ was referring related to Plaintiff's physical, not mental, impairments. (Tr. 19). And while the regulations authorize a mental health evaluation, an ALJ should do so only if he concludes that the examination is necessary to make a determination of disability. *See* 20 C.F.R. § 404.1519a(b); *see also Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211 (6th Cir. 1986)("full inquiry" does not require consultative exam at government's expense unless record establishes exam is necessary to enable ALJ to make disability decision). The ALJ has a duty to fully and fairly develop the record. *Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1051 (6th Cir. 1983). But the Plaintiff must provide medical and other evidence that the ALJ can use to

reach conclusions about medical impairment. 20 C.F.R. § 404.1512(a). Here, the evidence Plaintiff provided via her treating physicians and testimony was sufficient for the ALJ to conclude that, to the extent she has anxiety and depression, they do not constitute mental impairments that are severe as defined by regulation. A mental consult was not considered nor necessary, because the ALJ was able to reach conclusions about her impairment based upon the evidence of record.

Nor does not ordering such an exam amount to the ALJ substituting his own opinions for those of medical mental health experts that should have been utilized, as Plaintiff argues. It is the ALJ who determines a claimant's RFC and ultimately whether he is disabled, not medical experts. In assessing RFC, the ALJ's role is to consider all of the relevant medical and other evidence in the case record. 20 C.F.R. § 404.1520. *See also Clinker v. Apfel,* 229 F.3d 1151, 2000 WL 1234325, *1 (6th Cir.)(unpublished table decision)(rejecting argument that ALJ erred by "creating" his own RFC and noting the relevant question is "whether the ALJ's assessment was supported by substantial evidence").

Plaintiff challenges, in general terms, whether the ALJ properly considered her conditions in combination. The sequential analysis requires that when determining RFC, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. § 404.1520(e). A review of his decision reflects the ALJ did so. (Tr. 17-18). Plaintiff fails to point to any particular evidence imposing additional limitations or restrictions due to her impairments in combination, nor explain how the ALJ failed to consider that evidence. Therefore, no further analysis of this argument is warranted.

Finally, Plaintiff challenges the ALJ's finding that because she could perform a full range of sedentary exertional work, she is capable of returning to her prior office job. Plaintiff contends that such a finding amounts to placing her in work that is beyond her RFC, and that the ALJ was only able to do so by mischaracterizing Plaintiff's testimony. Everage maintains that the ALJ should have looked to a VE, instead of essentially serving as his own vocational expert.

Upon review of the record, the Court finds the ALJ did not err at Step Four of the sequential analysis. At hearing, Plaintiff did testify that she was sometimes required to lift bankers boxes weighing 25 pounds. (Tr. 232). This lifting question was posed to her at hearing by her counsel; however, counsel phrased the question such that Plaintiff was responding to whether she had lifted such boxes at either of her prior employments. (*Id.*). On the work history forms completed by Plaintiff, it was her job at the law office that required heavier lifting (tr. 76), not her office manager job at the pest control office (tr. 75). In the written decision, it was Plaintiff's past relevant work as an office manager that the ALJ found she was capable of returning to, even with her RFC. (Tr. 19-20). *Studaway v. Sec'y of Health & Human Servs.,* 815 F.2d 1074, 1076 (6th Cir. 1987)(requirements of job as actually performed or as it is performed in national economy may be looked to in determining if return to past relevant work is possible). This conclusion was within the realm of the ALJ's authority, without the need for expert vocational testimony. *Key v. Callahan,* 109 F.3d 270, 274 (6th Cir. 1997)("[i]n evaluating residual functional capacity, the Commissioner may but is not required to, use the services of a vocational expert"). The ALJ's determination that Plaintiff could return to this work was supported by substantial evidence, based upon Plaintiff's RFC and the information contained in the record as to the

requirements of this office manager work as performed by Plaintiff.  Thus, there was no error in the ALJ concluding at Step Four that Plaintiff was not disabled for Social Security Disability Insurance Benefit purposes.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #17) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #18) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 28th day of September, 2007.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-06-112-Everage.MOO.wpd